```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSAL STEEL BUILDINGS        )
CORP., KING SOLOMON CREATIVE     )
ENTERPRISES CORP., and           )
KING DAVID INTERACTIVE CORP.,    )
                                 )
            Plaintiffs,          )   Civil Action No. 09-0656
                                 )
v.                               )
                                 )
SHORE CORP. ONE and BRUCE        )
SHORE,                           )
            Defendants.          )
```

<u>MEMORANDUM and ORDER</u>

Gary L. Lancaster,
Chief Judge.                                      March 24, 2010

      This is an action in copyright infringement. Plaintiffs, Universal Steel Buildings, King Solomon Creative Enterprises Corp., and King David Interactive Corp. ("plaintiffs"), allege that defendants, Shore Corp. One and Bruce Shore, violated the Copyright Act, 17 U.S.C. §§ 101, <u>et</u> <u>seq</u>, through the continued and unauthorized use of plaintiffs' copyrighted photographs on various websites. [Doc. No. 1]. Universal seeks the entry of permanent injunctions, as well as statutory and compensatory damages.

      Before the court are plaintiffs' motion to strike and motion for entry of default judgment as to both defendants. [Doc. Nos. 18 & 20]. Also before the court are Shore's motions to: 1) dismiss the complaint for failure to state a claim; 2) dismiss for lack of personal jurisdiction; and 3) vacate the court's June 25, 2009 order. [Doc. Nos. 9, 13, 14 & 15].

For the reasons to follow, we will direct the clerk to lift the default against Bruce Shore, and deny all of Shore's pending motions. Furthermore, because defendant Shore Corp. One has failed to enter the appearance of an attorney as directed, the court will schedule a hearing to determine the amount and conditions of plaintiffs' motion for default judgment.

I. <u>Factual Background</u>

The following factual allegations from plaintiffs' complaint are taken as true.

Plaintiffs are Pennsylvania corporations engaged in the business of promoting, marketing, and selling pre-engineered steel buildings, as well as the licensing of intellectual property, including copyrighted photographs. Their principal place of business is McKees Rocks, Pennsylvania. Defendant Shore Corp. One, apparently a competitor of Universal, is a Florida corporation with its principal place of business in Hollywood, Florida. Defendant Bruce Shore is an officer and shareholder of that corporation.

Plaintiffs allege that defendants had "nonexclusive and revocable temporary permission" to use certain of its copyrighted photographs depicting both rigid and arch framed pre-engineered steel buildings. Defendants used these images on eBay.com and their Spanish and English-language websites, from which they sold

pre-engineered steel buildings.

In February 2007, plaintiffs sent a letter to defendants withdrawing their nonexclusive and temporary permission to use plaintiffs' copyrighted images. Defendants responded by taking the images off of some websites, but transferred them to others. Plaintiffs sent another letter in May 2007 demanding that defendants cease using their copyrighted images. Despite this, defendants continued to use the photographs for commercial purposes on both Spanish and English-language websites that they control. In total, defendants have used at least 40 copyrighted images without plaintiffs' permission.

## II. Procedural background

In May 2009, Plaintiffs filed a complaint in this court, alleging that defendants violated the Copyright Act by the continued and unauthorized use of its copyrighted photographs. [Doc. No. 1]. They requested statutory damages, attorney fees, and injunctive relief. Defendant Shore, proceeding pro se, responded with a one-page document on behalf of both defendants that failed to deny plaintiffs' claims. [Doc. No. 6]. It did, however, appear to argue that the court lacks personal jurisdiction over both defendants.

Universal responded with a motion to strike Shore's

answer, arguing, <u>inter alia</u>, that a corporation cannot be represented <u>pro se</u>,[1] and that Shore's answer failed to conform with the Federal Rules of Civil Procedure and the local rules [Doc. No. 7].  On June 25, 2009, the court granted Universal's motion to strike, and directed defendants to: 1) obtain counsel to represent the corporate defendant and 2) file a responsive pleading in compliance with Federal Rules of Civil Procedure 8, 11, 12, and Local Rule 7.1 within ten (10) days of the order. [Doc. No. 8].

On June 30, 2009, the court received a letter from Bruce Shore, reiterating his contention that the court lacked personal jurisdiction over him and his company. [Doc. No. 9]. This letter appears to have been sent before the court entered its June 25, 2009 order granting Universal's motion to strike. On July 13, 2009, the Clerk of Court, upon Universal's request, entered default against both Shore and Shore Corp. One. [Doc No. 12].  On July 23, 2009, beyond the ten-day deadline established by the court's June 25, 2009 order, Shore filed three documents on behalf of himself and the corporate defendant, asking the court to: 1) dismiss the complaint against Bruce Shore for

---

[1]

See <u>Rhino Assocs., L.P. v. Berg Mfg. & Sales Corp.</u>, 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007) (citing <u>Simbraw, Inc. v. United States</u>, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) (holding that "a corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court")).

4

failure to state a claim; 2) dismiss for lack of personal jurisdiction; and 3) vacate the court's order granting Universal's motion to strike as fundamentally unfair. [Doc. Nos. 13, 14 and 15]. Universal subsequently filed a motion to strike Shore's filings as to the corporate defendant because it was not represented by counsel, and a motion for default judgment against the corporate defendant and Shore as an individual. [Doc. Nos. 18 & 20].

On January 26, 2010, the court entered an order holding all motions in abeyance, and directing defendant Shore Corp. One, through an attorney, to file a responsive pleading within twenty-one (21) days. [Doc. No. 30]. Failure to comply with the order would result in entry of default judgment against the corporate defendant. Neither defendant has filed a response. As a result, the court will set a date for a hearing to set the damages and conditions of plaintiffs' motion for default judgment [Doc. No. 20] as to defendant Shore Corp. One.

We now address the matters raised by defendant Bruce Shore. For the reasons that follow, the court will direct the Clerk of Court to lift the default against defendant Bruce Shore. We will deny his motions to dismiss the complaint for failure to state a claim and for lack of personal jurisdiction. [Doc. Nos. 9, 13 and 15]. Defendant Bruce Shore will be ordered to file an answer the complaint within twenty-one (21) days of the date of

this order. In light of the court's order, defendant's motion to vacate and plaintiffs' motion to strike [Doc. Nos. 14 & 18] are moot.

III. Discussion

A. Failure to state a claim

Shore has filed two documents that could be construed as motions to dismiss for failure to state a claim [Doc. Nos. 13 and 15]. The court will consider these together as one motion.[2] In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v.

---

[2] The court notes that Shore's motions were filed beyond the ten-day limit established by the court's June 25, 2009 order. However, the court will consider them timely because of his pro se status and his inability to receive electronic notification of filings through the court's CM/ECF system.

Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570)). A claim has facial plausibility when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle him to relief, the motion to dismiss should not be granted. Id. at 563 n.8.

Furthermore, in light of Shore's pro se status, we

"must 'liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.'" Bush v. City of Philadelphia, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005) (quoting Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

It is on this standard that the court has reviewed defendant's motions. Shore first argues that the complaint must be dismissed because, without citing applicable law or statute, the corporate structure shields officers and directors from individual liability. [Doc. No. 13]. Shore argues that plaintiffs do not allege in their complaint that he acted in his individual capacity.

However, as plaintiffs note, this is a copyright infringement case, and as such, "[a]n officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant." Columbia Pictures Indust., Inc., 749 F.2d 154, 160 (3d Cir. 1984). In their complaint, plaintiffs assert that Bruce Shore is the sole stockholder, president, vice president, secretary, and treasurer of Shore Corp. One. They allege that Shore knowingly participated in the infringing use of the photographs, and uses Shore Corp. One's corporate form to mask his personal conduct. If proven, these allegations would be enough to hold Shore personally liable on defendant's claim of

copyright infringement. As such, the motion to dismiss is denied with respect to this claim.

Shore next argues that the complaint must be dismissed because "plaintiffs' allegations . . . and claim for copyright infringement are so ambiguous and confusing that a reasonable response cannot be made thereto" and that plaintiffs have failed to state a claim for copyright infringement and for damages. [Doc. No. 15]. Shore in particular argues that defendants have failed to state "with specificity the photographs of asserted works other than referring to various websites that they claim these photographs appeared on." [Doc. No. 15].

However, a review of the complaint establishes that it is legally sufficient because it adequately alleges that Shore infringed defendants' copyright. "To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Kay Berry Inc., v. Taylor Gifts, Inc., 421 F.3d 199, 203 (3d Cir. 2005) (citations omitted). Plaintiffs' complaint alleges that they own a copyright to certain original photographic works, and that defendants have been using those photographs without their permission. As such, Shore's motions to dismiss are denied with respect to these claims.

B. <u>Lack of personal jurisdiction</u>

Shore next argues, in both his June 30, 2009 letter [Doc. No. 9] and motion to dismiss for failure to state a claim [Doc. No. 15], that the court lacks personal jurisdiction over him, stating: "I object to this court having any jurisdiction over my company or me. Any litigation against my company or me should be held in Broward County, Florida." [Doc. No. 9]. Shore also argues that plaintiffs have failed to state "what minimum contacts the defendant corporation had in Pennsylvania, any advertising that occurred in Pennsylvania, what date said advertising occurred and whether or not any sales were made in the state of Pennsylvania, and that maintaining a website that can be viewed throughout the United States and the world are not sufficient minimum contacts to qualify on the issue of jurisdiction and venue." [Doc. No. 15, p. 3].

We find that defendants have sufficient contacts in order to assert jurisdiction against defendants in this case. To exercise personal jurisdiction over a defendant, a federal court sitting in diversity, as here, "must undertake a two-step inquiry: 1) the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; 2) the court must apply the precepts of the Due Process Clause of the Constitution." <u>IMO Industries, Inc. v. Kiekert AG</u>, 155 F.3d 254, 259 (3d Cir. 1998).

The Pennsylvania long arm statute permits the courts of Pennsylvania to exercise personal jurisdiction over nonresident defendants to the "fullest extent allowed under the Constitution of the United States . . . based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987) (quoting 42 Pa. Cons. Stat. Ann. § 5322 (b)); see also Dollar Sav. Bank v. First Sec. Bank, N.A., 746 F.2d 208, 211 (3d Cir. 1984). The Due Process Clause of the Fourteenth Amendment, however, "limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Gorman v. Jacobs, 597 F. Supp.2d 541, 546 (E.D. Pa. 2009) (quoting Provident Nat'l Bank, 819 F.2d at 436-37).

Despite this limitation, the Due Process clause permits courts to exercise two types of personal jurisdiction over a defendant - general and specific. See Mellon Bank (East) PSFS, Nat'l Ass'n. v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992). General jurisdiction is the broader of the two types, and is supported where a defendant has maintained systematic and continuous contacts with the forum state. See Marten v. Godwin,

11

499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984)). If a party is subject to the general jurisdiction of a state, that party "can be called to answer any claim . . . regardless of whether the subject matter of the cause of action has any connection to the forum." Mellon Bank, 960 F.2d at 1221. Absent "continuous and systematic" contacts, plaintiff may rely on "specific jurisdiction" where the cause of action is related to or arises out of the defendant's contacts with the forum. Miller Yacht, 384 F.3d at 96; IMO Industries, 155 F.3d at 259 n.2.

Here, as already discussed, plaintiffs allege that defendant Bruce Shore directed advertising, marketing and commercial transactions in Pennsylvania and toward Pennsylvania residents. Furthermore, defendants had contact, through phone calls, emails, direct mail, with Pennsylvania plaintiffs to obtain their permission to use the pictures at issue. The combined effect of Shore's interactive websites through which he sell goods and services and his commercial dealings with suppliers and purchasers of steel buildings located in Pennsylvania supports the Court's exercise of jurisdiction. See L'Athene, Inc. v. Earthspring LLC, 570 F. Supp. 2d 588, 593-94 (D.Del. 2008) (discussing Third Circuit authorities and finding personal jurisdiction over an Arizona-based retail website operator); Endless Pools, Inc. v. Wave Tec. Pools, Inc., 362 F.

Supp. 2d 578, 582-85 (E.D. Pa. 2005) (exercising specific jurisdiction over a Texas-based internet retailer). Furthermore, defendant's alleged copyright infringement had a foreseeable detrimental effect on plaintiff Universal Steel, a Pennsylvania company. See Techno Corp. v. Dahl Ass'n., Inc., 535 F. Supp. 303, 309 (W.D. Pa. 1982) (finding that defendants "were certainly aware that [plaintiff] was a Pennsylvania corporation. Therefore, at the time these defendants took what is alleged to be an intentional act it was clearly foreseeable that their actions would have a direct impact in Pennsylvania.").

However, even when contacts between a defendant and the forum state exist, as a general rule, "[i]ndividuals performing acts in a state in their corporate capacity 'are not subject to the personal jurisdiction of the courts of that state for those acts.'" Nat'l Precast Crypt Co. v. Dy-Core of Pa., Inc., 785 F. Supp. 1186, 1191 (W.D. Pa. 1992) (quoting Bowers v. NETI Technologies, Inc., 690 F. Supp. 349, 357 (E.D. Pa. 1988)). This is known as the corporate or fiduciary shield doctrine. It may be overcome in two ways: 1) a corporate agent may be held personally liable for torts done in a corporate capacity within the forum; and 2) by violating a statutory scheme that provides for personal, as well as corporate, liability. Nat'l Precast Crypt Co., 785 F. Supp. at 1191. Plaintiffs allege that Shore Corp. One is Shore's alter-ego. He is the sole shareholder,

president, secretary and treasurer of the corporation.  As a result, he may be found personally liable for the tortious conduct of the corporation, and therefore is not protected from jurisdiction by the corporate shield doctrine.

In sum, the court finds that Shore maintained sufficient contacts with Pennsylvania and that Shore's claims that he is protected by the corporate shield doctrine lack merit.

C. <u>Motion to vacate</u>

Finally, Shore has filed a motion to vacate the court's June 25, 2009 order, which struck his pleadings as defective.  In particular, Shore alleges the order was "fundamentally unfair."  He also appears to ask for more time to file an answer to plaintiffs' complaint because "by the time defendants received the Order, more than half of the ten (10) days to comply had already expired . . . The Defendants had to research the Federal Rules of Civil Procedure referred to in the Order, in order to try to understand the Compliance Rule, so that they could file an appropriate answer to Plaintiffs' 22 page Complaint with numerous exhibits." [Doc. No. 14].

However, this motion is moot in light of today's order, which gives defendant Bruce Shore twenty-one (21) days to file a responsive pleading in compliance with Federal Rules of Civil Procedure 8, 11, 12, and Local Rule 7.1.

14

IV.  Conclusion

In conclusion, the court will set a hearing date to determine the terms and conditions of plaintiffs' motion for default judgment. The court will further direct the Clerk of Court to lift default as to defendant Bruce Shore, and deny his motions to dismiss for failure to state a claim and lack of jurisdiction. Bruce's motion to vacate and plaintiffs' motion to strike are moot. Shore will have twenty-one (21) days to answer plaintiffs' verified complaint, in compliance with Federal Rules of Civil Procedure 8, 11, 12, and Local Rule 7.1. Failure to do so will result in the court entering default judgment as to Shore, individually.

An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNIVERSAL STEEL BUILDINGS      )
CORP., KING SOLOMON CREATIVE   )
ENTERPRISES CORP., and         )
KING DAVID INTERACTIVE CORP.,  )
                               )
            Plaintiffs,        )
                               )
v.                             )   Civil Action No. 09-0656
                               )
SHORE CORP. ONE & BRUCE        )
SHORE                          )
            Defendants.        )
```

### ORDER

AND NOW, this 24th day of March 2010, IT IS HEREBY ORDERED that a hearing to set the damages and conditions of plaintiffs' motion for default judgment [Doc. No. 20] as to defendant Shore Corp. One shall take place on Friday, April 16, 2010 at 9:30 a.m. in Courtroom #3A, 3rd floor, U.S. Courthouse, 7th Avenue and Grant Street, Pittsburgh, Pennsylvania.

IT IS FURTHER ORDERED that the Clerk of Court is directed to lift default as to defendant Bruce Shore. Shore's motions to dismiss for failure to state a claim and lack of personal jurisdiction are DENIED. [Doc. Nos. 9, 13 and 15]. Shore's motion to vacate and plaintiffs' motion to strike are MOOT. [Doc. Nos. 14 and 18].

IT IS FURTHER ORDERED that defendant Bruce Shore must file an answer to plaintiffs' complaint [Doc. No. 1] within twenty-one (21) days from the date of this order, or by April 14, 2010. Shore's answer must comply with Federal Rules of Civil

Procedure 8, 11, 12, and Local Rule 7.1.  **NO EXTENSION OF THIS DEADLINE WILL BE GRANTED.**  Failure to comply with these rules will not be excused.  Should Shore fail to file an answer that complies with these rules in all respects, the court will strike the answer and consider plaintiffs' motion for default judgment as to defendant Bruce Shore at the hearing on April 16, 2010.  Shore' motion to vacate and plaintiffs' motion to strike are MOOT. [Doc. Nos. 14 and 18].

BY THE COURT:

_____, C.J.


cc:  Bruce Shore
     902 N. 30th Road
     Hollywood, Fl 33201
     (REGULAR & CERTIFIED MAIL)

     Counsel of record (via CM/ECF)