# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| |
|---|
| UNIVERSAL STEEL BUILDINGS CORP., KING SOLOMON CREATIVE ENTERPRISES CORP., and KING DAVID INTERACTIVE CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> SHORE CORP. ONE and BRUCE SHORE <br><br> Defendants. |

Civil Action No. 2:09-cv-00656-GLL

## CONSENT ORDER AND JUDGMENT

Plaintiffs Universal Steel Buildings Corp., King Solomon Creative Enterprises Corp., and King David Interactive Corp. (respectively "Plaintiff Universal," "Plaintiff King Solomon," and "Plaintiff King David" and, collectively, "Plaintiffs") and Defendant Bruce Shore ("Defendant Shore" or "Defendant" and, together with Plaintiffs, the "Parties") hereby agree and consent to the entry of this Consent Order and Judgment, as follows:

WHEREAS, on May 27, 2009, Plaintiffs filed a Verified Complaint (Docket No. 1) in the above-captioned action charging Defendant Shore and Defendant Shore Corp. One with infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

WHEREAS, on July 13, 2009, default was entered against Defendant Shore and Defendant Shore Corp. One (Docket No. 12) for their failure to timely and properly respond to the Verified Complaint;

WHEREAS, on July 23, 2009, Defendants filed certain motions (Docket Nos. 13-15) and, on August 15, 2009, Plaintiffs responded to those motions and filed certain motions of their own (Docket Nos. 18-24), including a Motion for Default Judgment (Docket No. 20);

{01134016}

WHEREAS, on January 30, 2010, the Court entered an Order (Docket No. 30) directing Defendant Shore Corp. One to file a responsive pleading within 21 days from the date of the Order, which Defendant Shore Corp. One did not do;

WHEREAS, on March 24, 2010, the Court entered an Order (Docket No. 31) denying the Defendants' pending motions, scheduling a hearing to set damages and conditions as to the default of Defendant Shore Corp. One, lifting the default as to Defendant Shore, and instructing Defendant Shore to file an answer to the Verified Complaint;

WHEREAS, on April 8, 2010, Defendant Shore filed an Answer and Affirmative Defenses (Docket No. 33);

WHEREAS, on May 5, 2010, Defendant Shore Corp. One filed a Suggestion of Bankruptcy (Docket No. 40) informing the Court that it had filed a Petition for bankruptcy under Title 11, United States Code, in the United States Bankruptcy Court for the Southern District of Florida, now pending at case number 10-22352-JKO (the "Bankruptcy Case");

WHEREAS, Plaintiffs and Defendant Shore desire to finally settle and resolve any and all matters in dispute between them in relation to the above-captioned litigation;

WHEREAS, the Parties have agreed to the terms of this Consent Order and Judgment in consideration of the foregoing recitals, the mutual promises contained herein, and other good and valuable consideration, the legal sufficiency of which is hereby acknowledged;

WHEREAS, the Effective Date of this Consent Order and Judgment is the date of the last signature by or on behalf of a Party in the signature block set forth below; and

NOW THEREFORE, each of the Parties, intending to be legally bound, understands, agrees, stipulates, and resolves that it be and hereby is ORDERED and ADJUDGED that:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338. This Court also has jurisdiction over the Parties, and venue is proper in this judicial district.

2. Defendant Shore hereby agrees, recognizes, and acknowledges – both for himself and for any and all persons, corporations, entities, partnerships, or ventures of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control, whether as an officer, director, stockholder, member, manager, partner, investor, or otherwise – that the Plaintiffs own valid, enforceable, and registered copyrights in each of the photographic works placed at issue in this action (the "Asserted Works"), as reflected in registration certificates that have been exchanged between the Parties.

3. Defendant Shore hereby agrees, recognizes, and acknowledges – both for himself and for any and all persons, corporations, entities, partnerships, or ventures of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control, whether as an officer, director, stockholder, member, manager, partner, investor, or otherwise – that he has no right, privilege, assignment, license, permission, or authority to reproduce, publish, copy, or otherwise use, derivatize, or exploit any of the Asserted Works or any other works belonging to Plaintiffs and/or any of their affiliates.

4. Defendant Shore hereby further agrees, recognizes, and acknowledges – both for himself and for any and all persons, corporations, entities, partnerships, or ventures of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control, whether as an officer, director, stockholder, member, manager, partner, investor, or otherwise – that the reproduction, copying, use, derivation, or exploitation of any of the Asserted Works or any other works belonging to Plaintiffs and/or any of their affiliates, including in connection

with the display of images on commercial websites that Defendant Shore directly or indirectly controls or comes to control in the future, including those identified in paragraph 9 below and in the materials exchanged between the Parties (the "Infringing Websites"), will constitute copyright infringement of any such work and that such infringement will be willful in nature.

5. Defendant Shore hereby further agrees, recognizes, and acknowledges – both for himself and for any and all persons, corporations, entities, partnerships, or ventures of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control, whether as an officer, director, stockholder, member, manager, partner, investor, or otherwise – that, in the event of any infringement as described in paragraph 6 above, Plaintiffs will suffer irreparable harm and damages due to any such infringing conduct, that Plaintiffs will each suffer continuing irreparable harm and damage if any such infringing conduct is not enjoined and prohibited, and that there will be no just reason for delay in the entry of an appropriate injunction and/or other order of court preventing any continuing or further acts of infringement.

6. Defendant Shore hereby agrees, recognizes, and acknowledges – both for himself and for any and all persons, corporations, entities, partnerships, or ventures of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control as an officer, director, stockholder, member, manager, partner, investor, or otherwise – that he is hereby enjoined and restrained from copying, derivatizing, reproducing, publishing, and/or distributing copies and/or substantially similar depictions of any and all copyrighted works belonging to Plaintiffs and/or any of their affiliates, including without limitation the Asserted Works placed at issue in the Verified Complaint in this action, through the Infringing Websites, the eBay.com website, any other website owned or controlled by Defendant Shore, or otherwise, and including without limitation pursuant to the provisions of 17 U.S.C. §§ 502 and 503.

7. Defendant Shore hereby agrees, recognizes, and acknowledges – both for himself and for any and all persons, corporations, entities, partnerships, or ventures of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control as an officer, director, stockholder, member, manager, partner, investor, or otherwise – that he is hereby enjoined and restrained from manufacturing, labeling, ordering, distributing, producing, displaying, designing, marketing, promoting, selling, shipping, delivering, offering for sale and/or selling, or publishing any website, manual, brochure, or other material of any kind that contains any content that is copied from or is substantially similar to any and all copyrighted works belonging to Plaintiffs and/or any of their affiliates, including without limitation the Asserted Works placed at issue in the Verified Complaint in this action, including without limitation pursuant to the provisions of 17 U.S.C. §§ 502 and 503.

8. Defendant Shore hereby agrees, recognizes, and acknowledges – both for himself and for any and all persons, corporations, entities, partnerships, or ventures of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control as an officer, director, stockholder, member, manager, partner, investor, or otherwise – that he is hereby enjoined and commanded to deliver to the Plaintiffs, their affiliates, or the Court for destruction or other reasonable disposition any and all infringing copies, depictions, materials, websites, manuals, brochures, or means for producing same held in his possession or control, including without limitation pursuant to the provisions of 17 U.S.C. §§ 502 and 503.

9. Defendant Shore hereby agrees, recognizes, and acknowledges that, within 60 days of the execution of this Consent Order and Judgment between the Parties, he is required to take, will have taken, and will have caused to be taken by all third parties over which he has control and/or over which he has the right or power to exercise control all steps necessary for the

complete and total removal of all photographic content accessible on the internet at the following website locations:

| |
|---|
| eBay Item No. 110096902017 |
| eBay Item No. 110097076149 |
| eBay Item No. 110097122402 |
| eBay Item No. 110097122416 |
| eBay Item No. 110098496494 |
| eBay Item No. 290117052744 |
| eBay Item No. 290117063555 |
| http://www.steelbuildingscom.com/accessories.shtml |
| http://www.steelbuildingscom.com/assembly.shtml |
| http://www.steelbuildingscom.com/depositosArco.shtml |
| http://www.steelbuildingscom.com/galerias.shtml |
| http://www.steelbuildingscom.com/galleries.shtml |
| http://www.steelbuildingscom.com/galleriesPtop.shtml |
| http://www.steelbuildingscom.com/galleriesQtop.shtml |
| http://www.steelbuildingscom.com/galleriesStop.shtml |
| http://www.steelbuildingscom.com/manufacturing.shtml |
| http://www.steelbuildingscom.com/navesMetalicas.shtml |
| http://www.steelbuildingscom.com/pSeries.shtml |
| http://www.steelbuildingscom.com/qSeries.shtml |
| http://www.steelbuildingscom.com/sSeries.shtml |

10. Defendant Shore hereby further agrees, recognizes, and acknowledges that he has been afforded a full and fair opportunity to defend the claims stated against him in the Verified Complaint and that there is no just reason for delay in the entry of this Consent Order and Judgment.

11. Pursuant to Federal Rule of Civil Procedure 41(a)(1) and the consent of the Parties stated herein, upon entry of this Consent Order and Judgment by the Court, the above-captioned proceedings as between the Plaintiffs and Defendant Bruce Shore are terminated, and

all claims stated between these Parties hereto are dismissed by the Court with prejudice subject to the terms and provisions set forth in this Consent Order and Judgment.

12. Plaintiffs expressly reserve and do not waive, dismiss, or release any and all claims held by them – whether asserted or unasserted – as against Defendant Shore Corp. One and/or the Shore Corp. One bankruptcy estate, including without limitation claims scheduled by Shore Corp. One in favor of Plaintiffs in the Bankruptcy Case and proofs of claim filed by Plaintiffs against Shore Corp. One and its bankruptcy estate in the Bankruptcy Case. Plaintiffs further reserve all rights to pursue their respective Proofs of Claim filed in the Bankruptcy Case and to seek and obtain an order granting Plaintiffs relief from automatic stay from the Bankruptcy Court having jurisdiction over the Bankruptcy Case to pursue and prosecute the claims stated against Defendant Shore Corp. One in the Verified Complaint ("Relief Order") in accordance with the provisions of the Relief Order.

13. The United States District Court for the Western District of Pennsylvania shall have continuing jurisdiction over any breach of the provisions of this Consent Order and Judgment or any related dispute between the Parties, and such jurisdiction shall continue after the above-captioned action is dismissed pursuant to the provisions set forth herein.

14. In the event that Defendant Shore – and/or any person, corporation, entity, partnership, or venture of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control as an officer, director, stockholder, member, manager, partner, investor, or otherwise – is found by the United States District Court for the Western District of Pennsylvania, or any other court of competent jurisdiction, to have breached one or more of the terms of this Consent Order and Judgment, Plaintiffs and/or their affiliates shall be entitled to recover from Defendant Shore any damages suffered as a result of each such breach or

any unlawful conduct of Defendant Shore together with any and all attorney's fees and costs of any nature incurred in connection with any effort or proceeding to enforce Plaintiffs' and/or their affiliates' legal rights and/or the terms hereof. It is the Parties' intent that this Consent Order and Judgment benefit both Plaintiffs and their affiliates and be specifically enforceable by Plaintiffs and/or their affiliates, either jointly or severally.

15. Plaintiffs and Defendant Shore hereby agree, consent, and acknowledge that the damages suffered by Plaintiffs and their affiliates as a result of each individual act of breach hereof (including without limitation each unauthorized reproduction of a copyrighted work belonging to Plaintiffs and/or their affiliates and each individual violation of any provision or requirement of this Consent Order and Judgment) by Defendant Shore – and/or any person, corporation, entity, partnership, or venture of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control as an officer, director, stockholder, member, manager, partner, investor, or otherwise – will be:

    a. a minimum of $25,000 for each individual act of breach plus all attorney's fees and costs incurred by Plaintiffs in enforcing their rights in the case of the first such breach,

    b. a minimum of $50,000 for each individual act of breach plus all attorney's fees and costs incurred by Plaintiffs in enforcing their rights in the case of the second such breach, and

    c. a minimum of $75,000 for each individual act of breach plus all attorney's fees and costs incurred by Plaintiffs in enforcing their rights in the case of the third such breach and each subsequent breach thereafter.

16. Defendant Shore hereby acknowledges and agrees that the damages specified herein are reasonable and a good faith quantification of the damages that Plaintiffs and their affiliates will incur for each individual act of breach. Defendant Shore – and/or any person, corporation, entity, partnership, or venture of any kind over which he now has or may hereafter have direct or indirect managerial or ownership control as an officer, director, stockholder, member, manager, partner, investor, or otherwise – shall have a period of seven (7) calendar days following the receipt of any written notice to Defendant Shore of any asserted breach of this Consent Order and Judgment, which shall be provided by Plaintiffs or their affiliates, within which to fully and completely cure and correct any such breach. If such cure and correction is fully made to Plaintiffs' or their affiliates' satisfaction, the monetary damages, attorney's fees, and costs provisions of paragraphs 14 and 15 hereof shall not apply. For purposes hereof notice shall be deemed received by Defendant Shore if sent by certified mail return receipt or overnight courier to Defendant Shore at the address immediately below his signature hereto or such other address as Defendant Shore shall provide in writing to Plaintiffs' counsel and shall be deemed received on the date shown in the return receipt or in the overnight courier's delivery records. If delivery is refused by Defendant Shore or is returned undeliverable by reason of a change of address for which Defendant Shore has not provided prior written notice to Plaintiffs' counsel, Defendant Shore shall be deemed to have received notice on the date of attempted delivery and such attempted delivery shall be adequate notice for purposes hereof, fully provides Defendant Shore with reasonable and fair notice, and complies with and satisfies all applicable due process requirements. Service by Plaintiffs or their affiliates of any summons, complaint, or other pleading in any action or proceeding by Plaintiffs or their affiliates against Defendant Shore to enforce the terms and provisions hereof, including an action or proceeding on account of any

breach by Defendant Shore, may be made by certified mail or overnight courier as provided above in this paragraph, and service shall be effective if made in accordance with this paragraph. Defendant Shore hereby waives any and all rights to personal service of any process of any summons, complaint, or other pleading in connection with any such action or proceeding.

17. Each Party acknowledges that it has had a full opportunity to review the terms and effect of this Consent Order and Judgment with an attorney, if it so chooses. Each Party acknowledges that it has read and understood the terms and effect of this Consent Order and Judgment. Each Party states that it executes this Consent Order and Judgment of its own free will and accord and for the purposes and considerations set forth herein. Each Party waives any right to appeal from the terms of this Consent Order and Judgment.

18. Each Party hereby acknowledges the receipt and sufficiency of the consideration given in connection with this Consent Order and Judgment. The Parties enter into this Consent Order and Judgment with the intent to be legally bound by its terms and requirements. This Consent Order and Judgment shall bind and inure to the benefit of the Parties hereto and all of their assigns and successors in interest.

19. Each Party hereby agrees and acknowledges that all attorney's fees, costs, and expenses incurred by the Parties in connection with the above-captioned action or with the preparation of this Consent Order and Judgment will be borne by the Party incurring the same.

WHEREFORE, by and through their undersigned counsel or pro se, the preceding terms set forth herein are hereby accepted and agreed to by and between Plaintiffs Universal Steel Buildings Corp., King Solomon Creative Enterprises Corp., and King David Interactive Corp. and Defendant Bruce Shore.

**For Defendant Bruce Shore:**

Dated: 07/03, 2010

*Bruce Shore*
Bruce Shore
902 N. 30th Road
Hollywood, Florida 33021

STATE OF FLORIDA        )
                        ) ss
COUNTY OF BROWARD  )

On this 3 day of July 2010, before me personally appeared **Bruce Shore,** to me known to be the person named in and who executed the above Consent Order and Judgment and acknowledged that he has read the same and that he has executed it as his free act and deed.

_____
Notary Public

PersN Known



Dated: July 9, 2010

For Plaintiffs Universal Steel Buildings Corp.,
King Solomon Creative Enterprises Corp., and
King David Interactive Corp.:

/s/ _____
William M. Wycoff (Pa. I.D. No. 01119)
J. Alexander Hershey (Pa. I.D. No. 84741)
THORP REED & ARMSTRONG, LLP
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: (412) 394-7711
Facsimile: (412) 394-2555
E-mail: wwycoff@thorpreed.com
E-mail: ahershey@thorpreed.com

*Counsel for Universal Steel Buildings Corp.,
King Solomon Creative Enterprises Corp., and
King David Interactive Corp.*

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) |
|  | ) ss |
| COUNTY OF ALLEGHENY | ) |

On this 9th day of July, 2010, before me personally appeared **J. Alexander Hershey**, to me known to be the person who has executed the above Consent Order and Judgment and acknowledged that he has read the same and that he has authority to so execute on behalf of the Plaintiffs named herein.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Dana P. Alward, Notary Public
McDonald Boro, Washington County
My Commission Expires July 27, 2013
Member, Pennsylvania Association of Notaries

SO ORDERED on this 9th day of July, 2010:

_____
United States District Judge